Kieran G. Doyle
Bridget A. Crawford
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
Telephone: (212) 790-9200
Facsimile: (212) 575-0671
Email: kgd@cll.com; bac@cll.com

Attorneys for Defendant


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
----------------------------------------------------------------- x

CONVERSE INC.

                                     Plaintiff,                         Civil Action No. 14 5991

        -against-
                                                                **ANSWER AND COUNTERCLAIM**
NOWHERE CO., LTD D/B/A BAPE,

                                     Defendant.
----------------------------------------------------------------- x

        Nowhere Co., Ltd. d/b/a Bape ("Nowhere" or "Defendant"), by its undersigned attorneys,

hereby responds to the Complaint (the "Complaint") of Converse Inc. ("Converse" or

"Plaintiff"), as follows:

        As to the unnumbered, introductory paragraph of the Complaint, to the extent a response

is required, Nowhere denies that "this case is about protecting Converse Inc.'s trademark rights

in an iconic shoe design."  Nowhere lacks sufficient knowledge or information to form a belief

as to the truth of the remaining allegations contained in this Paragraph and therefore, denies

them.

1.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2.      Defendant admits that Converse requested that the United States International Trade Commission (the "ITC" or "Commission") institute an investigation against Nowhere by filing a complaint with the Commission ("the ITC Complaint") pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"), but denies that Converse's claims against Nowhere contained in the ITC Complaint are true or meritorious and denies that the trademarks asserted in this paragraph are valid and enforceable except admits that Plaintiff has defined shoes bearing the asserted trademarks as "Converse Shoes" for purposes of the Complaint.  Defendant further denies the remaining allegations contained in Paragraph 2 of the Complaint except does not dispute that Plaintiff has defined shoes bearing the asserted trademarks as "Converse Shoes" for purposes of the Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 states a legal conclusion to which no response is required, but to the extent a response is required, Defendant does not dispute that the Court has subject matter jurisdiction over this action.

6.      Paragraph 6 states a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies that the Court has personal jurisdiction over Nowhere in this action.

7.      Paragraph 7 states a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies that venue in this action is properly laid in this district.

### General Allegations – Converse's Asserted Trademark

8.      Nowhere admits that Converse is the owner of record for Registration Nos. 4,398,753 (the "'753 Registration"). Nowhere further admits that the documents contained in Exhibit 1 and Appendix 1 to the Complaint appear to be copies of the registration and prosecution history for the '753 Registration and that Figure 8 appears to be the image from the '753 registration. Nowhere denies the validity of the '753 Registration and of the "Asserted Trademark," and such denial applies to each and every use of this defined term throughout the Complaint. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

30495/000/1557765.1

12.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## General Allegations – Defendant's Unauthorized Activities

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18.     Defendant admits that the image contained in Illustration II is appears to be an image of Defendant's ABC Camo ApeSta product, but denies all remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

30495/000/1557765.1

## Count I: Trademark Infringement under Section 32(1) of the Lanham Act
## (15 U.S.C. § 1114(1))

23.     In response to Paragraph 23 of the Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1-22 of the Complaint as if fully set forth herein.

24.     Paragraph 24 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

## Count II: False Designation of Origin/Unfair Competition under Section 43(a) of the
## Lanham Act, 15 U.S.C. § 1125(a)

30.     In response to Paragraph 30 of the Complaint, Defendant realleges and incorporates by reference their responses to paragraphs 1-29 of the Complaint as if fully set forth herein.

31.     Paragraph 31 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

-5-

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

### Count III: Dilution under Section 43(c) of the Lanham Act 15 U.S.C. § 1125(c)

37.     In response to Paragraph 37 of the Complaint, Defendant realleges and incorporates by reference their responses to paragraphs 1-36 of the Complaint as if fully set forth herein.

38.     Paragraph 38 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

30495/000/1557765.1

## Count IV: Common Law Trademark Infringement and Unfair Competition

44.     In response to Paragraph 44 of the Complaint, Defendant realleges and incorporates by reference their responses to paragraphs 1-43 of the Complaint as if fully set forth herein.

45.     Paragraph 45 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

## Count V: Unlawful Deceptive Acts and Practices under New York General Business Law §349

51.     In response to Paragraph 51 of the Complaint, Defendant realleges and incorporates by reference their responses to paragraphs 1-50 of the Complaint as if fully set forth herein.

52.     Paragraph 52 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

30495/000/1557765.1

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

### Count VI: Trademark Infringement under New York General Business Law § 133

58.     In response to Paragraph 58 of the Complaint, Defendant realleges and incorporates by reference their responses to paragraphs 1-57 of the Complaint as if fully set forth herein.

59.     Paragraph 59 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

### Count VII: Dilution under New York General Business Law § 360-L

65.     In response to paragraph 65 of the Complaint, Defendant realleges and incorporates by reference their responses to paragraphs 1-64 of the Complaint as if fully set forth herein.

66.     Paragraph 66 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint states a legal conclusion to which no response is required but, to the extent a response is required, Defendant denies the allegations in this Paragraph.

**AFFIRMATIVE AND OTHER DEFENSES**

For its defenses against the Complaint by Plaintiff, Defendant alleges as follows:

**First Defense**

1.     The Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

2.     Plaintiff is not entitled to relief inasmuch as Plaintiff's claims are barred by the doctrines of laches, waiver, equitable, unclean hands, estoppel and/or acquiescence.

**Third Defense**

3.     Plaintiff is not entitled to relief because the product elements that comprise the Asserted Mark are functional and are not source indicative.

**Fourth  Defense**

4.     Plaintiff is not entitled to relief because Plaintiff's Asserted Trademark is not protectable because it has not attained secondary meaning.

**Fifth Defense**

5.      Plaintiff is not entitled to relief because the Asserted Trademark is generic and subject to cancellation.

**Sixth Defense**

6.      Plaintiff is not entitled to relief because there is no likelihood of confusion between Defendant's products on the one hand and Plaintiff's Asserted Trademark on the other.

**Seventh Defense**

7.      Plaintiff is not entitled to relief because, upon information and belief, it has abandoned any trademark rights it may have had in the Asserted Trademarks by failing to adequately police, monitor or control third parties using the Asserted Trademark and/or by failing to treat the Asserted Trademarks as a trademark.

**COUNTERCLAIM**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Nowhere Co., Ltd., by its attorneys, as and for its Counterclaim against Plaintiff/Counterclaim-Defendants Converse, Inc., alleges as follows:

**Parties**

8.      Respondent/Counterclaimant Nowhere Co., Ltd. ("Nowhere") is a Japanese corporation with a principal place of business in Tokyo, Japan.

9.      Upon information and belief, Plaintiff/Counterclaim Defendant Converse, Inc., ("Converse") is a Delaware Corporation with a principal place of business at One High Street, North Andover, Massachusetts, 01845.

30495/000/1557765.1

**Jurisdiction and Venue**

10.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 15

U.S.C. § 1119  and 28 U.S.C. § 1331 and 1338.

11.      Jurisdiction and venue in this Court are appropriate because the Counterclaim

arises out of the same transactions or occurrences as the main claims asserted by Converse in this

action.

**Facts and Counterclaim**

12.      This counterclaim is for cancellation of those of Converse's trademark

registrations covering product configuration comprising or containing a toe cap, a toe bumper

and one or two stripes on the midsole.

13.      In the instant proceeding, Converse charges Nowhere with trademark

infringement, false designation of origin and trademark dilution in violation of the Lanham

Trademark Act and of New York General Business Law §133 and 360L; common law trademark

infringement and unfair competition; unlawful deceptive acts and practices under New York

General Business Law §349, all on the basis of Converse's alleged rights in "the distinctive

midsole design made up of a toe bumper and a toe cap, plus either an upper stripe and/or lower

stripe, including U.S. Trademark Registration No. 4,398,753" (the "Asserted Mark").

14.      All or some elements of Converse's Asserted Mark and the Asserted Mark as a

whole are functional and generic for sneakers.

15.      Upon information and belief, throughout its use of the Asserted Mark, Converse

was fully aware that all or some of the elements of the Asserted Mark were functional and

generic and that the Asserted Mark as a whole was functional and generic for sneakers.

16.      Because all or some of the elements of the Asserted Mark were born functional

and generic and because the Asserted Mark as a whole was functional and generic at the time of

30495/000/1557765.1

its adoption and throughout its use by converse, no amount of advertising, promotion or investment in those terms or in consumer surveys concerning the public perception of such terms can revive them from functional and generic status.

17.    Upon information and belief, for many decades after adopting the Asserted Mark and until very recently, Converse also continued to treat all or some elements of the Asserted Mark as functional and generic and the Asserted Mark as a whole as functional and generic, including in connection with publicly-filed patent and trademark applications, advertisements and other documents and statements.

18.    Indeed, in certain of the product configuration trade dress registrations owned by Converse, Converse removed, inter alia, the toe cap component from the alleged trade dress in the face of the United States Patent and Trademark Office's conclusion that such toe cap was functional.

19.    Upon information and belief, Converse has failed adequately to police and control the Asserted Mark by unrelated third parties in connection with sneakers.  Upon information and belief, Converse has for decades knowingly coexisted with third parties using all or some of the elements of the Asserted Mark.

20.    Numerous third parties have long used and are using all or some of the elements of the Asserted Mark in connection with sneakers.  In many instances, the current use of all or some of the elements of the Asserted Mark by these third parties in connection with sneakers goes back many decades.

21.    Nowhere will be damaged by continued registration by Converse of the Asserted Mark and by registrations which cover all or some of the elements of the Asserted Mark.

30495/000/1557765.1

22.     Neither the Asserted Mark nor the elements thereof herein are inherently distinctive and have not acquired distinctiveness or secondary meaning and the Asserted Mark is, thus, unenforceable.

23.     For the foregoing reasons, the Court should declare the Asserted Mark and all elements thereof to be functional, generic and/or without acquired distinctiveness and unprotectible as trademarks and should order cancellation, pursuant to § 15 U.S.C. § 1064(3), of the following Converse registrations on the grounds these marks are comprised of or contain the functional, generic and/or indistinctive product configuration elements:

| **MARK** | **REG. NO.** | **REG. DATE** | **GOODS** |
|---|---|---|---|
|  | 4,062,112 | 11/29/11 | Athletic Footwear |
|  | 4,065,482 | 12/6/11 | Athletic Footwear |

30495/000/1557765.1

| | 4,398,753 | 9/10/13 | Footwear |
|---|---|---|---|
|  | | | |

WHEREFORE, Nowhere demands judgment as follows:

    (a)     Ordering that Converse take nothing by way of its complaint;

    (b)     Ordering that the complaint be dismissed with prejudice;

    (c)     Awarding Nowhere its attorneys' fees and costs herein;

    (d)     Ordering that Converse's federal trademark registration Nos. 4,062,112, 4,065,482 and 4,398,753 be cancelled and declaring the Asserted Mark and the elements thereof to be functional, generic, indistinctive and invalid;

    (e)     Granting such other and further relief as to this Court may seem just and proper.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice and awarding the costs and disbursements of this action and a reasonable attorney's fee and such other relief as the Court may deem just and proper.

Dated: New York, New York
       December 10 , 2014

                        COWAN LIEBOWITZ & LATMAN, P.C.

                By: _____
                    Kieran G. Doyle
                    Bridget A. Crawford
                    1133 Avenue of the Americas
                    New York, New York 10036
                    (212)790-9200

                    Attorneys for Defendant Nowhere Co., Ltd.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

---------------------------------------------------------------- x

CONVERSE INC.

                              Plaintiff,

        -against-                                          Civil Action No. 14 5991

NOWHERE CO., LTD D/B/A BAPE,

                              Defendant.

---------------------------------------------------------------- x

## CERTIFICATE OF SERVICE

I, Bridget A. Crawford, hereby certify that on December 10, 2014, a true and correct copy

of the Answer and Counterclaim was served, via the Electronic Case Filing (ECF) system in the

United States District Court for the Eastern District of New York, on all parties registered for

CM/ECF in the above-captioned matter.

Dated: December 10, 2014

                              COWAN LIEBOWITZ & LATMAN, P.C.

                         By:   /s/ Bridget A. Crawford
                                   Kieran G. Doyle
                                   Bridget A. Crawford
                                   1133 Avenue of the Americas
                                   New York, New York 10036
                                   (212)790-9200

                                   Attorneys for Defendant Nowhere Co., Ltd.

30495/000/1559777.1